## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KELLIE WARE**                                  :
                                                 :
**Plaintiff on behalf of herself**               :       **Case No.**
**and on behalf of all**                         :
**similarly situated persons**                   :
                                                 :
**vs.**                                          :       **Judge**
                                                 :
                                                 :
**Geoffrey Modderman**                           :       **Magistrate Judge**
**636 Northland Blvd., Ste. 115**                :
**Cincinnati, Ohio 45250**                       :
                                                 :
        **and**                                  :
                                                 :
**Cres Property Management,**                     :
**LLC.**                                          :
**c/o Thomas G. Jones**                          :
**6758 Bramble Ave.**                            :
**Cincinnati, Ohio 45227**                       :
        **Defendants**                           :
                                                 :
                                                 :

---

**Class Complaint Seeking to Impose Civil Liability Under the Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq.), Class Injunctive Relief Under the Ohio Consumer Sales Practices Act (O.R.C. §1345.01, et seq.); Individual Statutory, Actual &Treble Damages for Deceptive, Unfair & Unconscionable Debt Collection Practices; Conversion; Attorney Fees & Jury Demand;**

---

## Preamble & Introduction

This is an action brought by a consumer both individually on behalf of herself and on behalf  similarly situated persons against an attorney debt collector and his client, also a debt collector in the sense that it attempts to collect delinquent rental accounts on behalf of others. Plaintiff alleges herein certain

violations of both the Fair Debt Collection Practices Act [hereinafter the "FDCPA" or the "Act"] and of the Ohio Consumer Sales Practices Act [hereinafter "OCSPA" or the "Act"] which she brings both as a class and individually. Plaintiff also brings an individual conversion claim under common law which seeks both compensatory and punitive damages.

## Parties

1. Plaintiff is and was at all times mentioned herein a "consumer" as that term is defined in the Act at 15 U.S.C. §1692a(3), who was allegedly obligated to pay a debt and who currently resides in Hamilton County, Ohio. She is also a "consumer" as that term is defined in the Ohio Consumer Sales Practices Act at O.R.C. §1345.01(D).

2. Defendant, Geoffrey Modderman [hereinafter referred to as "Modderman" or collectively as "Defendants"], is an attorney licensed to practice in the state of Ohio with offices located in Hamilton County who, on behalf of others, regularly collects or attempts to collect debts owed or due or asserted to be owed or due on behalf of various rental property owners or rental management companies in the form of a second count in his complaints for eviction and is, therefore, debt collector within the meaning of 15 U.S.C.§ 1692a(6) and a "supplier" as that term is defined at O.R.C. §1345.01(C ).

3. Defendant, Cres Property Management, LLC. [hereinafter referred to as "Cres" or collectively as "Defendants"], is an entity which attempts to collect delinquent debts in the form of back rent on behalf of various individual property owners in close association with Modderman in the Greater Cincinnati area and is debt collector within the meaning of 15 U.S.C. §1692a(6) and a

"supplier" as that term is defined at O.R.C. §1345.01(C ).

4.  Defendants regularly engage in and transact business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and/or through the initiation of litigation and use of the judicial system in Ohio and are subject to the jurisdiction of this Court.

5. The debt in question, if owed by the Plaintiff, would have been incurred for personal, household or family purposes.

### General Factual Allegations

6.  On or about January 20, 2017 Plaintiff, Kellie Ware, agreed to rent Apt. #5, Lookout Manor, located at 3021 Westwood Northern Blvd., Cincinnati, Ohio [hereinafter the "premises] effective February 15, 2017, on a month to month basis from a rental management company known as D&G Management which managed the premises on behalf of its owner "St Three Endeavors LLC". Plaintiff was required initially to provide $495 as security which amounted to one month's full rent and thereafter each month upon occupying the premises beginning on February 15, 2017 where she was first required to pay a pro rated monthly amount of $176 for the remainder of February and thereafter beginning on March 1, 2017 the full monthly payment of $495.00.

7. While occupying the premises there came a time when Plaintiff was later notified that Defendant, Cres Property Management LLC, would be taking over the management of the property from D&G and that all future rent payments be made to it as well as any other matters related to the premises.

8. In mid January, 2018 Plaintiff, pregnant at the time, decided she needed to move to a different location. She telephoned Defendant Cres and informed it that she would be leaving the premises effective February 28, 2018, thereby giving it approximately 45 days notice. Plaintiff thereafter paid her rent for the month of February, 2018 and left the premises at the end of the month. From there Plaintiff went to stay with her mother while she went apartment hunting.

9. Unbeknownst to the Plaintiff because she had left the premises 45 days earlier, Defendant Modderman, on April 17, 2018, filed a 2 count complaint against her in the Hamilton County Municipal Court, case no. 18cv076632 [hereinafter the "complaint'"] Count one of the complaint was for a writ of eviction with a second count in which Defendant Modderman prayed for **"unpaid rent to date, plus late fees, plus damages in the amount of $10,000; or such less amount which may be shown by the evidence"**............................[see attached Plaintiff's exhibit "A"].

10. Defendants, on April 25, was awarded its writ.

11. Plaintiff subsequently located a new apartment and filled-out an application. Only then, for the first time, did she become aware of the existence of a judgment for eviction against her. At that time she was informed that she could not rent that apartment until she cleared-up the matter between herself and Defendant Cres.

12. It was only at that time that Plaintiff reviewed the Clerk's website and observed that there was a $10,000 demand made against her which caused her to panic. When she contacted Defendant Cres it demanded that in order to resolve the matter between them she must pay, in addition to the loss of her $495 security deposit of which she was rightfully owed, an additional $790 which supposedly consisted of March rent plus $295 in courts costs.

13. Plaintiff, intimidated and in fear that a $10,000 judgment may be taken against her and having an eviction on her record which could prevent her from renting another apartment, paid the amount demanded under duress in order, she thought, to clear this matter-up .

14. After having paid the amount demanded by the Defendants, to date, Defendants continue to pursue their complaint. There is nothing of record showing that the matter has been resolved. Additionally, it has been discovered that Defendants further misrepresented the amount of the Court costs as being $295 when, in fact, they were only $155.

## First Claim For Relief
**[Fair Debt Collection Practices Act]**

## [Jurisdiction]

15. This claim is brought against both Defendants Modderman and Cres.

16. This is a class action claim brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* [hereinafter referred to as the "Act"].

17. This class claim is for both statutory and actual damages brought by Plaintiff on behalf of herself and all similarly situated persons for Defendants' violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive, abusive and unfair debt collection practices.

18. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and Rule 23, Federal Rules of Civil Procedure.

## Specific Allegations

19. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 6-14 as if fully re-written herein.

6

20. At all times referenced herein Defendant Modderman has acted at the direction and control of Defendant Cres Management and/or with its full knowledge and consent.

21. Modderman has filed more than a 1000 complaints for eviction in the Hamilton County Municipal Court each containing a second count for monetary damages in the previous year prior to the filing of the complaint herein. Many, but not all, have been on behalf of property managed by Defendant Cres Management.

22. In every single complaint for eviction filed by Modderman on behalf of Cres and others in the year previous to this filing herein a second count seeks and states precisely the identical allegation which is as follows:

> **"unpaid rent to date, plus late fees, plus damages in the amount of $10,000; or such less amount which may be shown by the evidence"............................**

23. There was absolutely no way that the Plaintiff and the members of the class she seeks to represent sued for eviction by Defendants could possibly owe anything near $10,000. In fact, when Plaintiff inquired Defendants only demanded an additional $744 from Plaintiff. However, Defendant knew that just

the demand for $10,000 in their complaint would allow them to extort by fear and intimidation whatever lesser amount they believed was owed to them which, in fact, actually resulted in what took place between the Plaintiff and the Defendants herein.

24. Without limiting the scope of any violation, which may have been committed by the Defendants described herein, their conduct constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

> (a) the false representation of the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);
>
> (b) the false representation of the compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B);
>
> (c ) the threat to take action that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);
>
> (d) the attempt to collect an amount in excess of what is actually an amount in excess of what is lawfully owed in violation of 15 U.S.C.§ 1692f(1); and
>
> (e) the utilization of a false and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692(e(10), 15 U.S.C. § 1692e. and 15 U.S.C. § 1692f.

## Second Claim For Relief
### [Ohio Consumer Sales Practices Act]

### Jurisdiction

25. This claim is made pursuant to the Ohio Consumer Sales Practices Act Practices Act, O.R.C. 1345.01.01 *et seq*.

26. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C.§ 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

27. The parties are the same as those alleged in claim one.

28. Plaintiff is a "consumer" as defined in O.R.C. § 1345.01(D).

29. Defendants are "suppliers" as defined in O.R.C. § 1345.01(C ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt on behalf of a creditor.

## **Allegations**

30.  Plaintiff hereby incorporates each and every factual allegation of claim previously plead herein as if fully rewritten herein.

31.  Defendants' conduct in filing eviction complaints in the manner forth herein above in connection with a consumer debt, constituted an unfair, deceptive and unconscionable consumer sales practice in violation of O.R.C. § 1345.02 & §1345.03.

32. Without limiting the scope of any violation which may have been committed hereunder, Defendants' conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Consumer Sales Practices Act in connection with the collection of a consumer debt as follows:

33. Defendant knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of Defendant had to collect a debt or the consequences to the Plaintiff of non-payment of the debt which Plaintiff was likely to rely to her detriment  in violation of O.R.C. §1345.03(B)(6);

34. Defendants falsely misrepresented the rights, obligations and remedies that the Plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10).

## Class Action Allegations

35.  Claims One & Two purport to receive class treatment under the provisions of Rule 23(a), 23(b)(2) and 23(b)(3) for both injunctive relief as well as monetary damages and any other relief consistent and subordinate thereto, including costs and expenses of investigation and litigation and attorney fees.

36.  Named Plaintiff is bringing this action on behalf of herself and other members of certain classes and subclasses of consumers consistent with the factual allegations made herein as follows:

### The General FDCPA Class

This class consists of the Plaintiff and each person who was sued for eviction by Defendant Modderman within 1 year of the filing of this action in any court of competent jurisdiction, whether in Ohio, where such eviction complaint contained a second count for money seeking or praying for $10,000 or more.

### The FDCPA subclass

This subclass consists of the Plaintiff and each person who was sued for eviction by Defendant Modderman on behalf of a property managed by the Defendant Cres Property Management in any court of competent jurisdiction, whether in Ohio, where such eviction complaint contained a second count for money seeking or praying for $10,000 or more.

### The OCSPA General Class

This class consists of the Plaintiff and each person who was sued for eviction by Defendant Modderman within 2 years of the filing of this action in any court of competent jurisdiction, whether in Ohio, where such eviction complaint contained a second count for money seeking or praying for $10,000 or more.

11

## The OCSPA subclass

This subclass consists of the Plaintiff and each person who was sued for eviction by Defendant Modderman on behalf of a property managed by the Defendant Cres Property Management in any court of competent jurisdiction, whether in Ohio, where such eviction complaint contained a second count for money seeking or praying for $10,000 or more.

37. The classes and subclasses of consumers as defined herein which are represented by the Plaintiff in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

38. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class.

39. Plaintiff's claims are typical of the claims of the class and subclass in that the claims of all members depend on a showing of the acts and omissions of Defendant giving rise to the relief sought herein.

40. There is no known conflict between Named Plaintiff and other members of the class and subclass with respect to this action, or with respect to the claims for relief herein set forth.

41. Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interests of both the class and subclass.

42. Plaintiff's attorneys are experienced and capable in the field of consumer rights and protection and have successfully represented claimants in similar litigation.

43. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates risk of individual adjudications, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

44. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants, who are expected to oppose the class.

45. The defendants who will be opposing the class have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole per civil rule 23(b)(2).

46. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined per civil rule 23(b)(3).

47. The identity of each individual member of the class can be easily ascertained from the books and records maintained by Defendants and from public Court records throughout the State of Ohio.

48.  Because many of the persons with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**Third Claim for Relief**
**[Fair Debt Collection Practices Act]**

**<u>Parties</u>**

49. The parties are the same as those described in claims one and two.

**[ <u>Jurisdiction</u>]**

50. This is an individual claim brought against both Defendants Modderman and Cres  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

51.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

**<u>Allegations</u>**

52. Except for the class allegations, Plaintiff incorporates each and every factual allegation contained in all previously alleged claims.

53. In addition to the violation alleged in claims one and two which Plaintiff asserts are appropriate for class treatment, Defendants committed numerous other individual violations of the FDCPA.

54. As previously referenced Defendants filed an action for eviction in against Plaintiff in the Hamilton County Municipal Court for no legitimate reason as she gave notice to Defendant Cres that she was leaving the premises at the end of February, 2018 and did, in fact, leave the premises at that time which was unoccupied for more than 45 days at the time Defendants filed their complaint for eviction.

55. Additionally, by wrongfully praying for $10,000 in their eviction suit, Defendants were able extort another months rent of $495 from Plaintiff along with wrongfully retaining her security deposit for another $495.

56. By filing its bogus suit against Plaintiff, Defendants managed to demand and acquire an additional $155 in court costs that they had no right to demand.

57. Defendants, not being satisfied with $155, added $140 of non existent costs to what was demanded from Plaintiff.

58. Lastly, after extorting all the funds they demanded from Plaintiff, Defendants have, to date, failed to provide her with a release of their bogus claims or to dismiss the suit filed against her. This failure results in wrongful reporting of an eviction against Plaintiff in public records which creditors and others might consult and prevents her from renting another apartment.

### Fourth Claim For Relief
**[Ohio Consumer Sales Practices Act]**

### Jurisdiction

59. This claim is made pursuant to the Ohio Consumer Sales Practices Act Practices Act, O.R.C. 1345.01.01 *et seq*.

60. The jurisdiction of this Court is invoked pursuant to the principles pendent or ancillary jurisdiction as set forth in 28 U.S.C.§ 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

61. The parties are the same as those alleged in claim two.

62. Plaintiff is a "consumer" as defined in O.R.C. § 1345.01(D).

63. Defendants are "suppliers" as defined in O.R.C. § 1345.01(C ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt on behalf of a creditor.

### Allegations

64. Plaintiff hereby incorporates each and every factual allegation as previous set forth herein as if fully rewritten herein.

65. Defendants' conduct in filing eviction complaints in the manner set forth hereinabove in connection with a consumer debt, constituted an unfair, deceptive and unconscionable consumer sales practice in violation of O.R.C.

§ 1345.02(A) & §1345.03(A).

66. Without limiting the scope of any violation which may have been committed hereunder, Defendants' conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Consumer Sales Practices Act in connection with the collection of a consumer debt as follows:

67. Defendants knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of Defendants had to collect a debt or the consequences to the Plaintiff of non-payment of the debt which Plaintiff was likely to rely to her detriment in violation of O.R.C. §1345.03(B)(6);

68. Defendants falsely misrepresented the rights, obligations and remedies that the Plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10).

69. At least one or more of the acts alleged herein to have been committed by the Defendants has been previously declared either deceptive, unfair or unconscionable by a Court of this state which decision was contained in the Attorney General's Public Inspection File at the time the unlawful acts alleged were committed which entitles the Plaintiff to treble damages as set forth in O.R.C. §1345.09(B).

### Fifth Claim For Relief
### [Common Law Conversion]

### Jurisdiction

70. This claim is made pursuant to common law.

71.   The jurisdiction of this Court is invoked pursuant to the principles pendent or ancillary jurisdiction as set forth in 28 U.S.C.§ 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

72.   The parties are the same as those alleged in all other claims alleged herein.

73.  Plaintiff is a "person" and a "consumer" as those terms are defined and used in the ordinary course of discourse.

74.  Defendant Cres Property Management is  engaged in the business of offering apartment rental and management services to the public and specifically to consumers such as the Plaintiff.

75. Defendant Modderman is an attorney licensed in Ohio who, on behalf of Cres Property Management, at its direction and control, brings eviction complaints in various Ohio courts who have jurisdiction of such actions and by doing so  incurs Court Costs in connection with such suits. These costs are assessed against the individuals they sue.

**<u>Allegations</u>**

76. Plaintiff hereby incorporates all previous factual allegations in all paragraphs as if fully rewritten herein.

77. Defendants filed an action for eviction against the Plaintiff in April, 2018 in the Hamilton County Municipal Court [hereinafter the "suit"].

78. The parties negotiated a settlement of the suit which required the Plaintiff to pay court costs.

79. Defendants misinformed the Plaintiff that the Court costs were $295 which she was required by Defendant to pay as part of the settlement.

80. Plaintiff paid Defendants $295 in court costs.

81. The Court costs were only $155.00.

82. Defendants, therefore, overcharged Plaintiff by more than $140 of what she could have owed them.

83. Defendants wrongfully detained Plaintiff's personal property consisting of $140 in cash which detention was wrongful and without justification.

84. At all times referenced herein Plaintiff can prove that Defendant acted with ill-will, malice and bad faith toward Plaintiff or with reckless disregard for her contractual rights.

85. The conduct of the Defendants as described constituted conversion where Defendants acted only to serve their own selfish interests, knowing that such conduct would wrongfully deprive Plaintiff of her property.

### **Prayer for Relief**

Wherefore, Plaintiff prays for the following relief:

(a) in claim one Plaintiff seeks a determination from the Court that the class and any subclass alleged is appropriate for class action treatment;

(b) in claim one for a judgment in favor of the class against each Defendant, joint and severally, in the amount of $500,000.00 or 1% of the net assets of each Defendant;

(c ) in claim two Plaintiff seeks a determination from the Court that the class and any subclass alleged is appropriate for class action treatment;

(d) in claim two for a permanent injunction prohibiting Defendants from further engaging in the unlawful conduct alleged herein.

(e) in claim three for statutory damages as well as all actual damages which may be proven;

(f) in claim four $5000 trebled;

(g) in claim five for compensatory and punitive damages for wanton, willful and malicious misconduct toward the Plaintiff;

(h) for reimbursement of reasonable attorney fees expended in the prosecution of these claims;

(i) for reimbursement of all costs and expenses incurred related to prosecution of all claims;

(j) for a trial by jury with respect to all appropriate facts and allegations; and,

22

(k) for all other relief that the Court may find appropriate.

Respectfully submitted by:

/s/*Steven C. Shane*
Steven C. Shane (0041124)
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

and

/s/*John A. Rebel*
John A. Rebel (0031771)
15 E. 8th St.
Cincinnati, OH 45202
(513) 721-0200
(513) 632-5898 facsimile
jarebel@fuse.net

Trial Attorneys for Plaintiff